UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTWAN BACON,

        Plaintiff,                                        Hon. Paul L. Maloney

v.                                                                        Case No. 1:21-cv-188

MIDWESTERN PET FOOD INC., et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss.[1]   (ECF No. 19).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this matter terminated.

## BACKGROUND

In his complaint, Plaintiff alleges the following.   (ECF No. 1).   On the morning of October 14, 2020, Plaintiff discovered that his puppy, Eli, was deceased.   Over the course of the next several days, Plaintiff observed that his other two dogs, King and Princess, were "not acting normally."   On November 20, 2020, Plaintiff discovered that

---

[1] Defendants titled their motion as a "motion for summary judgment."   But Defendants cite to Federal Rule of Civil Procedure 12(b)(6).   They are challenging the viability of Plaintiff's allegations, and they have not submitted evidence or matters outside the complaint in support of their motion.   Accordingly, the Court has interpreted Defendants' motion as a motion to dismiss under Rule 12.

King and Princess had defecated and vomited throughout the house, were acting sluggish, and refused to eat.   Moreover, their eyes were "completely yellow."

On January 7, 2021, Plaintiff traveled to a nearby Tractor Supply location to purchase two bags of SportMix Premium Energy Plus, the dog food he had been feeding his dogs since October 2020.   Plaintiff was informed, however, that this dog food had been recalled.   When Plaintiff contacted the "Tractor Supply corporate office," he was offered a $150 gift card for his inconvenience and informed that a representative from Midwestern Pet Food would contact him.   A representative from Midwestern Pet Food twice contacted Plaintiff and instructed him to complete an "online form."   Plaintiff had no further interaction with Tractor Supply or Midwestern Pet Food.

Plaintiff, believing that the dog food he had purchased at Tractor Supply caused his dogs' death and illness, initiated this action against Tractor Supply and Midwestern Pet Food.   Plaintiff claims violations of his Fourteenth Amendment right to be free from animal cruelty.   Plaintiff seeks declaratory, injunctive, and monetary relief. Defendants now move to dismiss Plaintiff's complaint for failure to state a claim on which relief may be granted.   Plaintiff has responded to Defendants' motion.

## LEGAL STANDARD

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).   The Court need not accept as

true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "  *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The burden to obtain relief under Rule 12(b)(6), however, rests with the defendant. *See, e.g., DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." A motion to dismiss "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Ibid.*

## ANALYSIS

Plaintiff alleges that Defendants violated his Fourteenth Amendment rights. The Fourteenth Amendment prohibits *the State* from depriving individuals of life, liberty, or property without due process of law. U.S. Const. amend. XIV (emphasis added). A private party is properly characterized as a state actor only if their conduct is "fairly attributable to the State." *Vistein v. American Registry of Radiologic Technologists*, 342 Fed. Appx. 113, 127 (6th Cir., Aug. 13, 2009) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Plaintiff has failed to allege facts from which it can reasonably be inferred that Defendants' conduct in this matter constituted state action. Accordingly, Plaintiff's allegations fail to state a claim on which relief may be granted. Furthermore, even if Plaintiff could overcome the "state action" hurdle, the result would be the same.

The Fourteenth Amendment's Due Process Clause has a procedural and substantive component. Procedural due process mandates that a person receive "fair procedure" before the State deprives him of life, liberty, or property. *See EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012). Substantive due process protects against "against certain government actions regardless of the fairness of the procedure used to implement them." *Ibid.*

Taking Plaintiff's procedural due process claim first, whether a person has a property interest is a question of state law. *Ibid.* As Defendant notes, under Michigan law pets are considered personal property. *See Koester v. VCA Animal Hospital*, 624 N.W.2d 209, 211 (Mich. Ct. App. 2000). To prevail on his claim that his procedural due process rights were violated based upon the deprivation of his personal property, Plaintiff must allege that the State's post-deprivation procedures do not provide an adequate remedy. *See, e.g., Johnson v. City of Saginaw, Michigan*, 980 F.3d 497, 507-08 (6th Cir. 2020). Because Plaintiff makes no such allegations, his procedural due process claim fails.

To the extent Plaintiff alleges violation of his substantive due process rights, the result is the same. Substantive due process "protects a narrow class of interests, including those enumerated in the Constitution, those so rooted in the traditions of the people as to be ranked fundamental, and the interest in freedom from government actions that 'shock the conscience.' " *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014). While the death and illness of Plaintiff's pets is tragic, torts committed against

personal property fall well short of this stringent standard.   Such claims are better pursued in the appropriate state forum.   Thus, Plaintiff's substantive due process claims fail.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 19) be granted and this action terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 9, 2021

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge